**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

January 11, 2022

LETTER TO COUNSEL:

      RE:    *Jennifer T. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-2852

Dear Counsel:

      On October 1, 2020, Plaintiff Jennifer T. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Jennifer T. filed her application for DIB on January 5, 2017. Tr. 15. She alleged a disability onset date of December 1, 2015. *Id.* Her application was denied initially and upon reconsideration. *Id.* At her request, an administrative hearing was held on September 25, 2019, before an Administrative Law Judge ("ALJ"). Tr. 31-58. In a written decision dated November 22, 2019, the ALJ found that Jennifer T. was not disabled under the Social Security Act. Tr. 15-24. The Appeals Council denied Jennifer T.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Jennifer T.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Jennifer T. had not engaged in substantial gainful activity since December 1, 2015, the alleged onset date. Tr. 17. At step two, the ALJ found that Jennifer T. suffered from the severe impairment of "degenerative disc disease status post lumbar spine fusion." *Id.* At step three, the ALJ found Jennifer T.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 19. The ALJ determined that Jennifer T. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On November 30, 2021, it was reassigned to me.

> perform sedentary work as defined in 20 CFR 404.1567(a) meaning she can lift 10 pounds occasionally, 5 pounds frequently, stand 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. She can occasionally climb stairs, stoop, and balance. She can never kneel, crouch, crawl, or climb ladders. She can have no exposure to hazards such as heights or moving parts. She can have occasional exposure to extremes of cold and to wetness.

Tr. 19.

At step four, the ALJ determined that Jennifer T. is unable to perform any past relevant work. Tr. 22. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Jennifer T. can perform, including inspector, assembler, and toy stuffer. Tr. 23. Accordingly, the ALJ found that Jennifer T. was not disabled under the Social Security Act. *Id.*

Jennifer T. alleges that the ALJ made the following errors that warrant remand: (1) the ALJ failed to properly evaluate the opinions of the claimant's treating physician; (2) the ALJ failed to consider the cumulative effects of the claimant's impairments in formulating the RFC; and (3) the ALJ improperly evaluated the claimant's subjective complaints.

Jennifer T. argues that the ALJ improperly evaluated the opinion of her treating physician, Dr. Mruthyunjaya Gonchigar. ECF No. 14-1 at 5-11. Dr. Gonchigar stated that he treated Jennifer T. from September 2015 through August 2019 (the date that Dr. Gonchigar submitted his opinion). Tr. 1001, 1004. Dr. Gonchigar opined that Jennifer T.'s pain was incapacitating, that physical activities like walking, standing, and bending "greatly increases pain," and that Jennifer T.'s medication would severely limit her ability to perform work. Tr. 1000. Dr. Gonchigar stated that Jennifer T. would miss approximately 15-20 days of work per month. *Id.* He opined that Jennifer T.'s symptoms include "[c]onstant aching pain ranging from 5-8/10 on numeric scale 0-10," which is accompanied by weakness and numbness that radiates down her legs. Tr. 1001. Dr. Gonchigar stated that Jennifer T. would only be capable of walking up to one city block at a time, could only sit for five minutes at a time, and could only stand for 10 minutes at a time. Tr. 1002. In an eight-hour day, Dr. Gonchigar stated that Jennifer T. would only be able to sit or walk for less than two hours, and would need to take daily unscheduled breaks lasting from 30 minutes to two hours. Tr. 1003. Dr. Gonchigar also opined about a number of functional limitations Jennifer T. has because of her pain. Tr. 1004.

The ALJ summarized Dr. Gonchigar's opinion (Tr. 21-22), but gave the opinion "little weight" because it "is more restrictive than what is supported by the preponderance of record evidence and thus, it is not consistent with the preponderance of record evidence." Tr. 22. By way of example, the ALJ noted that Jennifer T. had "negative bilateral straight leg raise," "normal sensation to light touch and temperature in her upper and lower extremities," "5 out of 5 strength in her upper and lower extremities," a normal gait, and that her neck had full range of motion." *Id.* The ALJ did not otherwise explain why Dr. Gonchigar's opinion was assigned little weight.

2

Because Jennifer T.'s claim was filed before March 27, 2017, the "treating physician" rule still applies. 20 C.F.R. § 404.1527 (explaining how opinions from medical providers, including treating sources, are evaluated for claims filed before March 27, 2017). For claims filed before March 27, 2017, an ALJ must "give more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 108-09 (4th Cir. 2020) (quoting 20 C.F.R. § 404.1527(c)(2)). An ALJ must give "controlling weight" to the opinion of a treating physician regarding the nature and severity of an impairment if "that opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Id.* (internal quotation marks omitted). An ALJ is permitted to give little or no weight to the opinion of a treating physician if there is persuasive contrary evidence, *see Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992), but the ALJ must discuss any contrary evidence with specificity so that a reviewing court can conduct a meaningful review. *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016). Even if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must still "determine the appropriate weight to be accorded to the opinion by considering 'all of . . . the factors' listed in the regulation, which include the length of the treatment relationship, consistency of the opinion with the record, and the physician's specialization." *Id.* (quoting 20 C.F.R. § 404.1527(c)); *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384-85 (4th Cir. 2021) (determining that, if a treating source's opinion is not entitled to controlling weight, the ALJ "must consider each of the following factors to determine the weight the opinion should be afforded: (1) the '[l]ength of the treatment relationship and the frequency of examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion'")

The ALJ's failure to explain how Dr. Gonchigar's opinions were evaluated, either under the treating physician rule, or under the factors listed in § 404.1527(c), frustrates judicial review of whether the ALJ's conclusions are supported by substantial evidence. *See Cumbee v. Kijakazi*, No. 7:20-CV-59-FL, 2021 WL 4447625, at *7 (E.D.N.C. Sept. 28, 2021) (citing *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013)). Even assuming that the ALJ properly declined to give controlling weight to Dr. Gonchigar's opinion, the ALJ was still required to evaluate the opinion under the six factors in § 404.1527(c). The ALJ's opinion only discusses, at most, the "supportability" and "consistency" factors, and it is not apparent whether or how the ALJ "meaningfully considered each of the factors before deciding how much weight to give the opinion." *See Dowling*, 986 F.3d at 385. The Acting Commissioner concedes this point. ECF No. 17-1 at 6 (explaining that "to be clear, the ALJ did not address all factors listed in 20 C.F.R. § 404.1527(c)").

The Acting Commissioner argues that remand is not warranted because any error by the ALJ is harmless. ECF No. 17-1 at 7. The Acting Commissioner points to the absence of evidence

3

in the record of a substantial treating relationship between Dr. Gonchigar and Jennifer T., a point that the ALJ did not address. *Id.* at 8. The Acting Commissioner also argues that even if the ALJ had considered the "nature and extent of the treatment relationship," this factor would not have supported giving the opinion more than "little weight." *Id.* The Court declines to apply the Acting Commissioner's harmless error analysis. As in *Dowling*, the ALJ in this case failed to comply with the agency's regulations regarding the evaluation of medical opinion evidence. "[I]t is an elemental principle of administrative law that agency determinations must 'be made in accordance with certain procedures which facilitate judicial review.'" *Dowling*, 986 F.3d at 386 (quoting *Patterson v. Comm'r of SSA*, 846 F.3d 656, 662 (4th Cir. 2017)). "One such procedure is Section 404.1527(c)'s requirement that ALJs consider each of the enumerated factors before assigning less than controlling weight to a medical opinion from a treating physician." *Id.* "Here, the ALJ neglected to even acknowledge the existence of those factors, much less engage in a meaningful discussion of them, so as to facilitate judicial review." *Id.* Accordingly, remand is warranted. The Court declines to address Jennifer T.'s remaining arguments.

Accordingly, both parties' motions for summary judgment (ECF Nos. 14 & 17) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g). the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge